## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROSEMONT TAXICAB CO., INC and     :
GERMANTOWN CAB COMPANY,     :
    :
          Plaintiffs,     :
    :
          v.     :        CIVIL ACTION NO. 16-3601
    :
THE PHILADELPHIA PARKING     :
AUTHORITY, WILLIAM SCHMID,     :
and STEVEN MARSHALL,     :
    :
          Defendants.     :

## ORDER

**AND NOW**, this 26th day of June, 2018, upon consideration of the parties' cross Motions for Summary Judgment, all responses and replies thereto, and oral argument conducted on May 15, 2018, **IT IS HEREBY ORDERED** as follows:

1. The Motion for Summary Judgment of Defendants The Philadelphia Parking Authority, William Schmid and Steven Marshall (Docket No. 32) is **GRANTED IN PART** as to the following counts of Plaintiffs' Complaint: Count IV (conversion), Count V (trespass to chattels), Count VI (fraud); those portions of Counts I, II, and III alleging claims based on Defendant The Philadelphia Parking Authority's seizure of Plaintiff Germantown Cab Company's taxicab G91 and Plaintiff Rosemont Taxicab Co., Inc.'s taxicab R34. The Motion is also **GRANTED** as to Plaintiffs' claims for punitive damages. The Motion is **DENIED** in all other respects.

Judgment is **ENTERED** in favor of Defendants The Philadelphia Parking Authority, William Schmid and Steven Marshall on Count IV; Count V; Count VI; those portions of Counts I, II, and III alleging claims based on Defendant The Philadelphia Parking Authority's seizure of

Plaintiff Germantown Cab Company's taxicab G91 and Plaintiff Rosemont Taxicab Co., Inc.'s taxicab R34; and Plaintiffs' claims for punitive damages.

2. The Motion for Summary Judgment as to Liability of Plaintiffs Germantown Cab Company and Rosemont Taxicab Co., Inc. (Docket No. 33) is **GRANTED IN PART** as to Count I (alleging violations of the Fourth Amendment under 42 U.S.C. § 1983 and Article 1, Section 8 of the Pennsylvania Constitution), Count II (alleging violations of the Fourteenth Amendment and Article 1, Section 1 of the Pennsylvania Constitution) and Count III (declaratory relief). The Motion is **DENIED** to the extent it seeks summary judgment based upon Defendant The Philadelphia Parking Authority's seizure of Plaintiff Germantown Cab Company's taxicab G91 and Plaintiff Rosemont Taxicab Co., Inc.'s taxicab R34.

Judgment on liability is **ENTERED** in favor of Plaintiffs Germantown Cab Company and Rosemont Taxicab Co., Inc. and against Defendant The Philadelphia Parking Authority on Counts I, II and III of Plaintiffs' Complaint, with the exception of any claim based upon Defendant The Philadelphia Parking Authority's seizure of Plaintiff Germantown Cab Company's taxicab G91 and Plaintiff Rosemont Taxicab Co., Inc.'s taxicab R34.

3. The Court **DECLARES** that the 53 Pa. Cons. Stat. § 5714 and 52 Pa. Code §§ 1017.51 and 1017.52, are unconstitutional as applied by Defendant The Philadelphia Parking Authority to conduct warrantless seizures of Plaintiffs' non-medallion taxicabs that are operated pursuant to a certificate of public convenience issued by the Pennsylvania Public Utilities Commission for violation of Defendant's regulations.

4. Defendant The Philadelphia Parking Authority is **PERMANENTLY ENJOINED** from conducting warrantless seizures of Plaintiffs' non-medallion taxicabs that are operated pursuant to a certificate of public convenience issued by the Pennsylvania Public Utilities Commission for

violation of Defendant's regulations unless justified by a judicially recognized exception to the warrant requirement.

5.      Plaintiffs' damages against Defendant The Philadelphia Parking Authority shall be tried to a jury.  The Court will enter a separate scheduling Order.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.